UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACKENZIE BURKACKI,

    Plaintiff,

v.

BISCO'S, INC., a domestic profit corporation, ROBERT GLENN BIRKENSHAW, and ROBERT GLENN BIRKENSHAW, JR.,

    Defendants.

Case No. 20-10808
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS PURSUANT TO 28 U.S.C. § 1367(c) AND DISMISSING WITHOUT PREJUDICE CLAIMS VI, VII, X, XI, XII(2)**

Mackenzie Burkacki filed a 13-count complaint against Bisco's Inc., Robert Glenn Birkenshaw, and Robert Glenn Birkenshaw, Jr., claiming that she was subjected to sexual harassment and withholding of pay while employed by the Defendants. Burkacki alleges that Defendants violated her rights under the Fair Labor Standards Act (FLSA) (Counts IV and V). (ECF No. 1, PageID.7–9.) Burkacki also makes a passing reference to Title VII and the Equal Pay Act in her complaint, although she does not explicitly bring any claims under those acts. (*Id.*, at PageID.2.) She also alleges 11 state-law counts, including claims under the Elliott Larsen Civil Rights Act (ELCRA), the Michigan Wage Law of 1964, and the (now-repealed) Michigan Minimum Wage Act (MMWA), as well as breach of contract, conversion, promissory estoppel, and unjust enrichment claims. (*Id.* at PageID.6–13.)

By statute, federal courts may exercise supplemental jurisdiction over certain state-law claims. *See* 28 U.S.C. § 1367(a). However, courts have the discretion to decline to exercise such

jurisdiction when "the claim raises a novel or complex issue of State law, the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (subsections omitted). A court also may choose not to exercise jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.*

As the Supreme Court has stated, where "state issues substantially predominate, . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). Compelling reasons for declining jurisdiction "should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Brown v. Scaglione*, No. 20-10192, 2020 WL 674291, at *2 (E.D. Mich. Feb. 11, 2020) (citation omitted) (declining to exercise supplemental jurisdiction over state-law claims because they would "raise problems, including the need to introduce evidence inapplicable to the evidence relevant to the federal claims, the presence of disparate legal theories on both claims and defenses, and the need to create expanded and contradictory jury instructions"); *see also Gibbs*, 383 U.S. at 727 (holding that the likelihood of jury confusion is an appropriate factor to consider in declining supplemental jurisdiction); *Kozma v. City of Livonia*, No. 14-2268, 2014 WL 3956450, at *1 (E.D. Mich. Aug. 13, 2014) (same).

In Burkacki's case, the 11 state-law claims clearly predominate over the two federal claims. Some of the state-law claims may be related to the federal-law claims. But other state-law claims are factually and legally distinct from the federal claims—namely, Count VI breach of contract, Count VII conversion, Count X promissory estoppel, Count XI unjust enrichment, and Count

XII(2)[1] under the Bullard Plawecki Employee Right to Know Act. The evidence and legal theories related to these claims substantially differ from Burkacki's two claims under the FLSA and would likely lead to jury confusion.

So pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Claims VI, VII, X, XI, and XII(2), which are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 6, 2020

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

---

[1] Burkacki mislabels her final count as XII, but it is actually the thirteenth count. For purposes of this opinion, Count XII(1) will refer to the claim under the Michigan Wage Law of 1964, and Count XII(2) will refer to the claim under the Bullard Plawecki Act.